UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 MAR -4  A 11: 45

ROBIN LISA STEWART

Plaintiff,

v.

ELI LILLY AND COMPANY,

and

BRISTOL-MYERS SQUIBB COMPANY,
a successor of E.R. SQUIBB & SONS, INC.,

and

PREMO PHARMACEUTICAL
LABORATORIES, INC.,

and

PHARMACIA , UPJOHN COMPANY, INC.
(aka THE UPJOHN COMPANY),

and

DART INDUSTRIES, INC., a successor to
REXALL DRUC COMPANY, INC.,

and

WYETH, INC.

Defendants.

05    10409 WGY

RECEIPT # 62508
AMOUNT $ 250
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. FDM
DATE 3/4/05

CIVIL ACTION No.

MAGISTRATE JUDGE MBB

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446, defendant Eli Lilly and Company ("Lilly") files this Notice

of Removal and states:

1.     On December 30, 2004, Plaintiff Robin Lisa Stewart ("Plaintiff") commenced an

action against Lilly, Bristol-Myers Squibb, Premo, Pharmacia and Upjohn, Dart, and Wyeth

(collectively, "Defendants") in the Superior Court Department of the Trial Court for the

Commonwealth of Massachusetts as Civil Action No. 04-02231 (the "Superior Court action"), by filing a Complaint for Damages. The United States District Court for the District of Massachusetts is the district embracing the place where this action is pending. Certified copies of all records and proceedings in the Superior Court action, including the Notice to the Superior Court of Removal, and a certified copy of all docket entries in the Superior Court action will be filed within 30 days pursuant to Local Rule 81.1. A copy of Defendant Lilly's Answer is attached hereto as Exhibit A and specifically incorporated herein.

2.     Lilly received service of process on February 9, 2005. Upon information and belief, Defendant Bristol-Myers Squibb received service of process on February 14, 2005. Upon information and belief, Defendant Premo received service of process on February 8, 2005. Upon information and belief, Defendant Pharmacia and Upjohn received service of process on February 10, 2005. Upon information and belief, Defendant Dart has not been served. Upon information and belief, Defendant Wyeth received service of process on February 8, 2005.

3.     This Notice of Removal is filed within thirty (30) days of the first date in which any defendant to this action was served with a summons and copy of the Complaint. Consequently, this notice is timely under 28 U.S.C. §1446(b).

4.     Based on the information contained in the Complaint, Plaintiff was at the time of the commencement of this action, and is at the time of filing this Notice of Removal, a resident of the Commonwealth of Massachusetts.

5.     Lilly was at the time of the commencement of this action and is now at the time of filing this Notice of Removal an Indiana corporation with its principal place of business in the State of Indiana.

6.     Upon information and belief, Defendant Bristol-Myers Squibb was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a Delaware corporation with its principal place of business in the State of New York.

7.     Upon information and belief, Defendant Premo was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a New Jersey corporation with its principal place of business in the State of Connecticut.

8.     Upon information and belief, Defendant Pharmacia and Upjohn was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a Delaware corporation with its principal place of business in the State of Michigan.

9.     Upon information and belief, Defendant Dart was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a Delaware corporation with its principal place of business in the State of Florida.

10.     Upon information and belief, Defendant Wyeth was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a Delaware corporation with its principal place of business in New Jersey.

11.     Plaintiff's specified claim of damages on her Civil Action Cover Sheet is for $50,000; however, Plaintiff's unspecified damages spelled out in her Complaint, including physical injuries to her reproductive system and resultant emotional injuries, indicate that she expects to recover well over $75,000.  Accordingly, the amount in controversy in the state action exceeds the sum or value of $75,000, exclusive of interest and costs. *See Chin v. Holiday Cruises II, Inc.*, 141 FRD 367, 370 (D.Mass. 1992) (looking to plaintiff's unspecified damages in the Complaint over the specified amount in the Massachusetts Superior Court  Civil Action Cover Sheet to determine amount in controversy for removal purposes).

12.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and the action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

13.    Removal of this case on the basis of diversity of citizenship is not precluded by the provisions of 28 U.S.C. § 1441(b) because no Defendant is a citizen of the Commonwealth of Massachusetts.

14.    All defendants who have been served consent to the removal of this action. Copies of removal consent forms for defendants Bristol-Myers Squibb, Premo, Pharmacia and Upjohn, and Wyeth are attached as Exhibit B.

Respectfully submitted,

ELI LILLY AND COMPANY

James J. Dillon, BBO # 124660
Brian L. Henninger, BBO # 657926
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: March 4, 2005

**EXHIBIT A**

RECEIVED & FILED
**CLERK OF THE COURTS**
NORFOLK COUNTY
3/9/05

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

NORFOLK, ss                                    SUPERIOR COURT DEPARTMENT

ROBIN LISA STEWART,

        Plaintiff,

        v.                                    CIVIL ACTION No. 04-02231

ELI LILLY AND COMPANY, *et al.*

        Defendants.

## DEFENDANT ELI LILLY AND COMPANY'S ANSWER TO THE COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers the Complaint filed in this action as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

1. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2. Lilly states that it did sell and distribute diethylstilbestrol in Massachusetts. Lilly responds that the term "DES" includes many drug products including but not limited to diethylstilbestrol, and any admissions in this Answer are intended to refer only to diethylstilbestrol as it relates to Lilly. Lilly also states that it is doing business in Massachusetts and that the FDA approved Lilly's sales of diethylstilbestrol and declared that the drug was

generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

3. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 3 of the Complaint.

4. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 4 of the Complaint.

5. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 5 of the Complaint.

6. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 6 of the Complaint.

7. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 7 of the Complaint.

8. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 8 of the Complaint.

**COUNT I**
**(Negligence)**

9. Lilly repeats and realleges its answers contained in Paragraphs 1 through 8 above.

10. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 3. Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Except as already stated, Lilly denies the allegations of Paragraph 10 of the Complaint.

11. Lilly denies the allegations contained in Paragraph 11 of the Complaint.

12. Lilly denies the allegations contained in Paragraph 12 of the Complaint.

## COUNT II
### (Strict Liability)

13. Lilly repeats and realleges its answers contained in Paragraphs 1 through 12 above.

14. Lilly denies the allegations contained in Paragraph 14 of the Complaint.

15. In response to the allegations contained in Paragraph 15, Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Except as already stated, Lilly denies the allegations of Paragraph 15 of the Complaint.

16. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 16 of the Complaint.

17. Lilly denies the allegations contained in Paragraph 17 of the Complaint.

18. Lilly denies the allegations contained in Paragraph 18 of the Complaint.

19. Lilly denies the allegations contained in Paragraph 19 of the Complaint.

20. Lilly denies the allegations contained in Paragraph 20 of the Complaint.

21. Lilly denies the allegations contained in Paragraph 21 of the Complaint.

## COUNT III

**(Breach of Warranty)**

22. Lilly repeats and realleges its answers contained in Paragraphs 1 through 21 above.

23. Lilly denies the allegations contained in Paragraph 23 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

24. Lilly denies the allegations contained in Paragraph 24 of the Complaint.

25. Lilly denies the allegations contained in Paragraph 25 of the Complaint.

26. Lilly denies the allegations contained in Paragraph 26 of the Complaint.

## COUNT IV
### (Misrepresentation)

27. Lilly repeats and realleges its answers contained in Paragraphs 1 through 26 above.

28. Lilly denies the allegations contained in Paragraph 28 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

29. Lilly denies the allegations contained in Paragraph 29 of the Complaint.

30. Lilly denies the allegations contained in Paragraph 30 of the Complaint.

31. Lilly denies the allegations contained in Paragraph 31 of the Complaint.

32. Lilly denies the allegations contained in Paragraph 32 of the Complaint.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against Lilly.

**THIRD DEFENSE**

The Plaintiff's claims are barred by the applicable statute of limitations or laches.

### FOURTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

### FIFTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, Plaintiff's claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom defendant discharged any duty to warn.

### SIXTH DEFENSE

This court lacks personal jurisdiction over Lilly.

### SEVENTH DEFENSE

Venue is improper in this judicial district.

### EIGHTH DEFENSE

Plaintiff's claims are barred and preempted by Lilly's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

### NINTH DEFENSE

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case, and hereby reserves the right to amend its Answer to assert any such defense.

## DEMAND FOR JURY TRIAL

The answering defendant requests a trial by jury.

Respectfully submitted,

ELI LILLY AND COMPANY

James J. Dillon, BBO # 124660
Brian L. Henninger, BBO # 657926
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: February 24, 2005

- 6 -

## CERTIFICATE OF SERVICE

I certify that on February 24, 2005, a true copy of Defendant Eli Lilly's Answer To The Complaint was served by U.S. First Class Mail, postage prepaid, upon:

Kenneth M. Levine, Esq.
Sheila E. Mone, Esq.
Kenneth M. Levine & Associates
370 Washington Street
Brookline, MA 02446
**Attorneys for Plaintiff**

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorneys for Plaintiff**

Sydney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202
**Attorneys for Bristol-Myers Squibb Company**

Julie M. Wade, Esq.
Jodi B. Buske, Esq.
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109-2881
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Christopher J. Garvey, Esq.
Melanie H. Muhlstock, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, New York 10022
**Of Counsel for Premo Pharmaceutical Laboratories Inc.**

Marc Laredo, Esq.
Laredo & Smith LLP
15 Broad Street
Suite 600
Boston, MA 02109
**Attorneys for Pharmacia & Upjohn Company LLC**

Stephanie Albert, Esq.
Heidi Hilgendorff, Esq.
Drinker Biddle & Reath
1500 K Street, N.W., Suite 1100
Washington, DC 20005-1209
**Attorneys for Pharmacia & Upjohn Company LLC**

John Anderson, Esq.
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Center
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Janice W. Howe, Esq.
Bingham McCutcheon LLP
150 Federal Street
Boston, MA 02110-1726
**Attorneys for Wyeth, Inc.**

Brian L. Henninger

RECEIVED & FILED
**CLERK OF THE COURTS**
NORFOLK COUNTY
3/4/05

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

SUPERIOR COURT DEPARTMENT

NORFOLK, ss

ROBIN LISA STEWART,

Plaintiff,

v.

ELI LILLY AND COMPANY, *et al.*

Defendants.

CIVIL ACTION No. 04-02231

## DEFENDANT ELI LILLY AND COMPANY'S CORPORATE DISCLOSURE STATEMENT

I, the undersigned, counsel of record for Defendant Eli Lilly and Company, certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries, or affiliates of Eli Lilly and Company which have any outstanding securities in the hands of the public.

**Lilly Del Mar, Inc., a British Virgin Islands Corporation**

These representations are made in order that judges of this Court may determine the need for recusal.

Respectfully submitted,

ELI LILLY AND COMPANY

James J. Dillon, BBO # 124660
Brian L. Henninger, BBO # 657926
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: February 24, 2005

## CERTIFICATE OF SERVICE

I certify that on February 24, 2005, a true copy of the foregoing document was served by U.S. First Class Mail, postage prepaid, upon:

Kenneth M. Levine, Esq.
Sheila E. Mone, Esq.
Kenneth M. Levine & Associates
370 Washington Street
Brookline, MA 02446
**Attorneys for Plaintiff**

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorneys for Plaintiff**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202
**Attorneys for Bristol-Myers Squibb
Company**

Julie M. Wade, Esq.
Jodi B. Buske, Esq.
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109-2881
**Attorneys for Premo Pharmaceutical
Laboratories, Inc.**

Christopher J. Garvey, Esq.
Melanie H. Muhlstock, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, New York 10022
**Of Counsel for Premo Pharmaceutical
Laboratories Inc.**

Marc Laredo, Esq.
Laredo & Smith LLP
15 Broad Street
Suite 600
Boston, MA 02109
**Attorneys for Pharmacia & Upjohn
Company LLC**

Stephanie Albert, Esq.
Heidi Hilgendorff, Esq.
Drinker Biddle & Reath
1500 K Street, N.W., Suite 1100
Washington, DC 20005-1209
**Attorneys for Pharmacia & Upjohn
Company LLC**

John Anderson, Esq.
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Center
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Janice W. Howe, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726
**Attorneys for Wyeth, Inc.**


Brian L. Henninger

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBIN LISA STEWART,

               Plaintiff,

     v.

ELI LILLY AND COMPANY, *et al.*

               Defendants.

CIVIL ACTION No.

## **CONSENT TO REMOVAL**

Bristol-Myers Squibb, acting through its attorneys, Barry Gerstman and Sedgwick,

Detert, Moran & Arnold LLP, hereby consents to the removal of the above-captioned case from

the Superior Court of the Commonwealth of Massachusetts to the United States District Court

for the District of Massachusetts.

                                   *Barry Gerstman /Blt*

                                  Barry Gerstman
                                  Sedgwick, Detert, Moran & Arnold LLP
                                  125 Broad Street, 39th Floor
                                  New York, NY 10004-2400
                                  (212) 422-0202

                                  Attorneys for Defendant Bristol-Myers
                                  Squibb

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBIN LISA STEWART,

    Plaintiff,

  v.          CIVIL ACTION No.

ELI LILLY AND COMPANY, *et al.*

    Defendants.

## CONSENT TO REMOVAL

   Premo Pharmaceutical Laboratories, Inc., acting through its attorneys, Julie M. Wade,

Jodi B. Buske, Christopher J. Garvey, Melanie H. Muhlstock, and Goodwin Procter LLP, hereby

consents to the removal of the above-captioned case from the Superior Court of the

Commonwealth of Massachusetts to the United States District Court for the District of

Massachusetts.

                *Julie M. Wade / BB*
                Julie M. Wade, BBO #653902
                Jodi B. Buske, BBO # 657990
                GOODWIN PROCTER LLP
                Exchange Place
                Boston, Massachusetts 02109-2881
                (617) 570-1000

                Of Counsel:
                GOODWIN PROCTER LLP
                Christopher J. Garvey
                Melanie H. Muhlstock
                599 Lexington Avenue
                New York, New York 10022

                Attorneys for Defendant, Premo
                Pharmaceutical Laboratories, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBIN LISA STEWART,

                    Plaintiff,                         CIVIL ACTION No.

          v.

ELI LILLY AND COMPANY, *et al.*

                    Defendants.

## CONSENT TO REMOVAL

Pharmacia & Upjohn LLC, acting through its attorneys, Marc Laredo and Laredo &

Smith LLP, hereby consents to the removal of the above-captioned case from the Superior Court

of the Commonwealth of Massachusetts to the United States District Court for the District of

Massachusetts.

                              _Marc Laredo / Bit_____
                              Marc Laredo, BBO # 543973
                              Laredo & Smith LLP
                              15 Broad Street, Suite 600
                              Boston, MA 02109-3805
                              (617) 367-7984

                              Attorneys for Defendant, Pharmacia &
                              Upjohn LLC

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBIN LISA STEWART,

　　　　　　　　Plaintiff,

　　　v.

ELI LILLY AND COMPANY, *et al.*

　　　　　　　　Defendants.

CIVIL ACTION No. _____

## CONSENT TO REMOVAL

Wyeth, Inc., acting through its attorneys, Janice W. Howe and Bingham McCutcheon

LLP, hereby consents to the removal of the above-captioned case from the Superior Court of the

Commonwealth of Massachusetts to the United States District Court for the District of

Massachusetts.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Janice W. Howe, BBO # 242190
　　　　　　　　　　　　　　　　　Bingham McCutchen LLP
　　　　　　　　　　　　　　　　　150 Federal Street
　　　　　　　　　　　　　　　　　Boston, MA 02110
　　　　　　　　　　　　　　　　　(617) 951-8000

　　　　　　　　　　　　　　　　　Attorneys for Defendant Wyeth, Inc.

## CERTIFICATE OF SERVICE

I certify that on March 4, 2005, a true copy of the foregoing Notice of Removal was served by U.S. First Class Mail, postage prepaid, upon:

Kenneth M. Levine, Esq.
Sheila E. Mone, Esq.
Kenneth M. Levine & Associates
370 Washington Street
Brookline, MA 02446
**Attorneys for Plaintiff**

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorneys for Plaintiff**

Barry Gerstman, Esq.
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street, 39th Floor
New York, NY 10004-2400
**Attorneys for Bristol-Myers Squibb Company**

Julie M. Wade, Esq.
Jodi B. Buske, Esq.
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109-2881
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Christopher J. Garvey, Esq.
Melanie H. Muhlstock, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, New York 10022
**Of Counsel for Premo Pharmaceutical Laboratories Inc.**

Marc Laredo, Esq.
Laredo & Smith LLP
15 Broad Street
Suite 600
Boston, MA 02109
**Attorneys for Pharmacia & Upjohn Company LLC**

Heidi Hilgendorff, Esq.
Drinker Biddle & Reath
500 Campus Drive
Florham Park, NJ 07932-1047
**Attorneys for Pharmacia & Upjohn Company LLC**

Sheila A. Moeller, Esq.
Gilbride, Tusa, Last & Spellane LLC
708 Third Avenue
26th Floor
New York, NY 10017
**Attorneys for Dart Industries, Inc.**

Janice W. Howe, Esq.
Bingham McCutcheon LLP
150 Federal Street
Boston, MA 02110-1726
**Attorneys for Wyeth, Inc.**

Ashley A. Weaver

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) *Stewart v. Eli Lilly and Co, et al*

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ✓  III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                    YES          NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)
                                                    YES          NO

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                    YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                    YES          NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                    YES          NO

   A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
         EASTERN DIVISION           CENTRAL DIVISION           WESTERN DIVISION

   B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
         EASTERN DIVISION           CENTRAL DIVISION           WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME *James J. Dillon, Foley Hoag LLP*
ADDRESS *155 Seaport Blvd Boston, MA 02210*
TELEPHONE NO. *617-832-1000*

(Cover sheet local.wpd - 11/27/00)

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _Worcester_
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _Marion_
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) (617)526-2700
Kenneth Mleiner & Associates
320 Washington St
_Brookline Village, MA 02445_

Attorneys (If Known) Foley Hoag LLP  (617)832-1000
155 Seaport Blvd
Boston MA 02210

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☒ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC 1446

Brief description of cause: Negligence Strict Liability Breach of Warranty Misrepresentation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE _March 1, 2005_

SIGNATURE OF ATTORNEY OF RECORD _Ian J. ___  BBO#124660_

---

FOR OFFICE USE ONLY

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE