UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBIN LISA STEWART

Plaintiff,

v.

ELI LILLY AND COMPANY, *et al.*

Defendants.

CIVIL ACTION No. 1:05-cv-10409-WGY

## NOTICE OF FILING STATE COURT PAPERS

Pursuant to Local Rule 81.1, defendant Eli Lilly and Company ("Lilly") files this Notice

of filing certified copies of all records and proceedings in Civil Action No. 04-02231 (the

"Superior Court action"), which was removed to this Court on March 4, 2005, including the

Notice to the Superior Court of Removal, and a certified copy of all docket entries in the

Superior Court action.

Respectfully submitted,

ELI LILLY AND COMPANY

James J. Dillon, BBO # 124660
Brian L. Henninger, BBO # 657926
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: March 15, 2005

## CERTIFICATE OF SERVICE

FILED
CLERKS OFFICE

I certify that a true copy of the foregoing Notice of Filing State Court Papers was served by U.S. First Class Mail, postage prepaid, upon:

DISTRICT OF MASS.

Kenneth M. Levine, Esq.
Sheila E. Mone, Esq.
Kenneth M. Levine & Associates
370 Washington Street
Brookline, MA 02446
**Attorneys for Plaintiff**

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorneys for Plaintiff**

Barry Gerstman, Esq.
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street, 39th Floor
New York, NY 10004-2400
**Attorneys for Bristol-Myers Squibb
Company**

Julie M. Wade, Esq.
Jodi B. Buske, Esq.
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109-2881
**Attorneys for Premo Pharmaceutical
Laboratories, Inc.**

Christopher J. Garvey, Esq.
Melanie H. Muhlstock, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, New York 10022
**Of Counsel for Premo Pharmaceutical
Laboratories Inc.**

Marc Laredo, Esq.
Laredo & Smith LLP
15 Broad Street
Suite 600
Boston, MA 02109
**Attorneys for Pharmacia & Upjohn
Company LLC**

Heidi Hilgendorff, Esq.
Drinker Biddle & Reath
500 Campus Drive
Florham Park, NJ 07932-1047
**Attorneys for Pharmacia & Upjohn
Company LLC**

Sheila A. Moeller, Esq.
Gilbride, Tusa, Last & Spellane LLC
708 Third Avenue
26th Floor
New York, NY 10017
**Attorneys for Dart Industries, Inc.**

Janice W. Howe, Esq.
Bingham McCutcheon LLP
150 Federal Street
Boston, MA 02110-1726
**Attorneys for Wyeth, Inc.**

Ashley A. Weaver

Dated: March 16, 2005

MAS-20041213    Case 1:05-cv-10409-NMG    Document 6    Filed 03/16/2005    Page 3 of 24    03/07/2005
lenckipa                         Commonwealth of Massachusetts                                    11:13 AM
                                    NORFOLK SUPERIOR COURT
                                            Case Summary
                                            Civil Docket

### NOCV2004-02231
### Stewart v Eli Lilly and Company Inc et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 12/30/2004 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 03/07/2005 | **Session** | A - Civil A | | | |
| **Origin** | 1 | **Case Type** | B05 - Products liability | | | |
| **Lead Case** | | **Track** | A | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 03/30/2005 | **Answer** | 05/29/2005 | **Rule12/19/20** | 05/29/2005 |
| **Rule 15** | 03/25/2006 | **Discovery** | 02/18/2007 | **Rule 56** | 04/19/2007 |
| **Final PTC** | 08/17/2007 | **Disposition** | 12/30/2007 | **Jury Trial** | Yes |

---

**Plaintiff**
Robin Lisa Stewart
Active 12/30/2004

**Private Counsel 296850**
Kenneth M Levine
Annenberg & Levine
370 Washington Street
Brookline, MA 02445
Phone: 617-566-2700
Fax: 617-566-6144
Active 12/30/2004 Notify

**Defendant**
Eli Lilly and Company Inc
Served: 02/09/2005
Answered: 03/02/2005
Answered 03/03/2005

**Private Counsel 124660**
James J Dillon
Goodwin Procter
53 State Street
Exchange Place
Boston, MA 02109
Phone: 617-570-1000
Fax: 617-523-1231
Active 03/02/2005 Notify

**Private Counsel 657926**
Brian Henninger
Foley Hoag LLP
1 Post Office Square
19th floor
Boston, MA 02109
Phone: 617-482-1390
Fax: 617-832-7000
Active 03/02/2005 Notify

**Defendant**
Bristol Myers Squibb Company Inc
Served: 02/14/2005
Served (answr pending) 02/17/2005

**Commonwealth of Massachusetts**
**NORFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## NOCV2004-02231
### Stewart v Eli Lilly and Company Inc et al

| | |
|---|---|
| **Defendant**<br>Premo Pharmaceutical Laboratories Inc<br>Served: 02/07/2005<br>Answered: 02/28/2005<br>Answered 03/03/2005 | **Private Counsel 653902**<br>Julie Wade<br>Goodwin Procter<br>53 State Street<br>Exchange Place<br>Boston, MA 02109<br>Phone: 617-570-1000<br>Fax: 617-523-1231<br>Active 02/28/2005 Notify |
| | **Private Counsel 657990**<br>Jodi B Buske<br>Goodwin Procter<br>53 State Street<br>Exchange Place<br>Boston, MA 02109<br>Phone: 617-570-1000<br>Fax: 617-523-1231<br>Active 02/28/2005 Notify |
| **Defendant**<br>Pharmacia<br>Served: 02/09/2005<br>Answered: 03/01/2005<br>Answered 03/03/2005 | **Private Counsel 543973**<br>Marc C Laredo<br>15 Broad Street<br>Suite 600<br>Boston, MA 02109<br>Phone: 617-367-7984<br>Fax: 617-367-6475<br>Active 03/02/2005 Notify |
| | **Private Counsel 636631**<br>Lisa Bradford Cooney<br>Laredo & Smith, LLP<br>15 Broad Street, Suite 600<br>Boston, MA 02109<br>Phone: 617-367-7984<br>Fax: 617-367-6475<br>Active 03/02/2005 Notify |
| **Defendant**<br>Upjohn Company Inc aka<br>Served: 02/09/2005<br>Answered: 03/01/2005<br>Answered 03/03/2005 | **Private Counsel 543973**<br>Marc C Laredo<br>15 Broad Street<br>Suite 600<br>Boston, MA 02109<br>Phone: 617-367-7984<br>Fax: 617-367-6475<br>Active 03/02/2005 Notify |

MAS-20041213
lenckipa

Case 1:05-cv-10409-NMG   Document 6   Filed 03/16/2005   Page 5 of 24

03/07/2005
11:13 AM

Commonwealth of Massachusetts
NORFOLK SUPERIOR COURT
Case Summary
Civil Docket

## NOCV2004-02231
## Stewart v Eli Lilly and Company Inc et al

**Private Counsel 636631**
Lisa Bradford Cooney
Laredo & Smith, LLP
15 Broad Street, Suite 600
Boston, MA 02109
Phone: 617-367-7984
Fax: 617-367-6475
Active 03/02/2005 Notify

**Alias defendant name**
The Upjohn Company
Active 12/30/2004

**Defendant**
Dart Industries Inc
Service pending 12/30/2004

**Defendant**
Wyeth Inc
Served: 02/09/2005
Answered: 03/01/2005
Answered 03/03/2005

**Private Counsel 562421**
Paul M Robertson
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
Phone: 617-951-8000
Fax: 617-951-8736
Active 03/01/2005 Notify

| Date | Paper | Text |
|------|-------|------|
| 12/30/2004 | 1.0 | Complaint entry fee $275 plff jury claim |
| 12/30/2004 | | Origin 1, Type B05, Track A. |
| 12/30/2004 | 2.0 | Civil action cover sheet filed |
| 12/30/2004 | | average track notice sent to plff attorney |
| 01/06/2005 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 02/01/2005 | 3.0 | Amended Civil action cover sheet filed  (Rec'd. 1/28/05) |
| 02/17/2005 | 4.0 | SERVICE RETURNED:in hand to Bristol Myers Squibb Company Inc(Defendant)-served on Feb 14,2005 |
| 02/28/2005 | 5.0 | ANSWER:  Premo Pharmaceutical Laboratories Inc(Defendant)- tracking sent to Atty Wade (rec'd2/24/05) |
| 03/01/2005 | 6.0 | ANSWER: Wyeth Inc(Defendant) & Jury Claim -track notice sent |
| 03/02/2005 | 7.0 | ANSWER:and Jury Claim of Eli Lilly and Company Inc(Defendant)- Tracking sent to Atty Dillon and Henninger(rec'd2/25/05) |

MAS-20041213     Case 1:05-cv-10409-NMG Commonwealth of Massachusetts Filed 03/16/2005     Page 6 of 24     03/07/2005

lenckipa

NORFOLK SUPERIOR COURT

Case Summary

Civil Docket

11:13 AM

### NOCV2004-02231
### Stewart v Eli Lilly and Company Inc et al

| Date | Paper | Text |
|------|-------|------|
| 03/02/2005 | 8.0 | Deft Eli Lilly and Co Corporate disclosure statement(re'cd2/25/05) |
| 03/02/2005 | 9.0 | deft Eli Lilly & Co Corporate Disclosure statement(rec'd2/25/05) |
| 03/02/2005 | 10.0 | ANSWER: Pharmacia & Upjohn Company Inc aka and jury trial (Rec'd. 3/1/05) Average Track Notice sent to Lisa Cooney, Esq. |
| 03/03/2005 | 11.0 | SERVICE RETURNED: by certified mail to Eli Lilly and Company Inc(Defendant)-served on Feb 9,2005(rec'd3/25/05) |
| 03/03/2005 | 12.0 | SERVICE RETURNED: by certified mail to Premo Pharmaceutical Laboratories Inc(Defendant)green card attached-served on Feb.7,2005(rec'd2/25/05) |
| 03/03/2005 | 13.0 | SERVICE RETURNED (summons): Wyeth Inc, service made on February 09, 2005 (certified mail)green card attached (Rec'd2/25/05) |
| 03/03/2005 | 14.0 | SERVICE RETURNED:by certified mail green card attached Pharmacia(Defendant)-served on Feb.9,2005(rec'd2/25/05) |
| 03/03/2005 | | SERVICE RETURNED: by certified mail green card attached Upjohn Company Inc aka(Defendant)-served on Feb.9,2005(rec'd2/25/05) |
| 03/07/2005 | 15.0 | Notice of filing of removal (recd'3/4/05) |
| 03/07/2005 | 16.0 | Notice of Removal-Case REMOVED this date to US District Court of Massachusetts(rec'd3/4/05) |

A TRUE COPY

Attest: _____

Deputy Assistant Clerk

3/7/05

KENNETH M. LEVINE & ASSOCIATES

ATTORNEYS AT LAW

370 WASHINGTON STREET

BROOKLINE VILLAGE, MASSACHUSETTS 02445

(617) 566-2700

FAX (617) 566-6144

December 30, 2004

Civil Clerk's Office
Norfolk Superior Court
650 High St.
Dedham, MA 02026

Re:    <u>Robin Lisa Stewart v. Eli Lilly, et al</u>

Dear Sir/Madam:

Enclosed please find the following documents for filing the above referenced new civil case:

(1)    Original Complaint
(2)    Civil Cover Sheet
(3)    $275.00 Check for Filing Fee

Kindly docket and file. Please stamp the appropriate docket number on the enclosed, extra complaint and return at your earliest convenience.

Thank you for your assistance. Please do not hesitate to contact me should you have any questions in regard to this matter.

Very truly yours,

Kenneth M. Levine

KML/rom



GOODWIN|PROCTER

Julie M. Wade
617.570.8342
jwade@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

February 24, 2005

**By Hand**

Civil Clerk
Norfolk Superior Court
650 High Street
Dedham, MA 02026

**Re:    Robin Lisa Stewart v. Eli Lilly and Co., et al.**
**C.A. No. 04 02231**

Dear Sir/Madam:

Enclosed for filing and docketing in the above-referenced matter, please find *Defendant Premo Pharmaceutical Laboratories, Inc.'s Answer To Complaint.*

Kindly acknowledge receipt of this filing by date-stamping the enclosed copy of same and returning it to me by the waiting messenger.

Very truly yours,

Julie M. Wade

JMW:cgu
Enclosure

cc:    All Counsel of Record
LIBA/1479078.1

KENNETH M. LEVINE & ASSOCIATES

ATTORNEYS AT LAW

370 WASHINGTON STREET

BROOKLINE VILLAGE, MASSACHUSETTS 02445

(617) 566-2700

FAX (617) 566-6144

January 26, 2005

Civil Clerk's Office
Norfolk Superior Court
650 High St.
Dedham, MA 02026

Re:     Robin Lisa Stewart v. Eli Lilly, et al

Dear Sir/Madam:

Enclosed please find an Amended Civil Action Cove Sheet for filing in the above matter. This document is meant to correct and replace the Civil Action Cover Sheet previously filed on December 30, 2004.

Thank you for your attention and cooperation in this matter.

Very truly yours,

Sheila E Mone

SEM/rom

## KENNETH M. LEVINE & ASSOCIATES

ATTORNEYS AT LAW

370 WASHINGTON STREET

BROOKLINE, MASSACHUSETTS 02445

(617) 566-2700

Fax (617) 566-6144

February 16, 2005

Civil Clerk's Office
Norfolk County
Superior Court Department
Courthouse, 650 High Street
Dedham, MA 02026

Re:    Robin Lisa Stewart, Plaintiff, vs. Eli Lilly and Company, Inc., Bristol-
       Myers Squibb Company, Inc. a successor of ER Squibb & Son, Inc, Premo
       Pharmaceutical Laboratories, Inc. Pharmacia & Upjohn Company,
       Inc.(aka the Upjohn Company), Dart Industries, Inc. a successor to Rexall
       Drug Company, Inc. and Wyeth, Inc.

Dear Sir or Madam:

In reference to the above -entitled matter, enclosed for filing please find the
following:

- **Return of Service – Bristol-Myer Squibb Company, Inc.**

If there are any questions, please do not hesitate to contact this office.

Very truly yours,

Jaya John

/enclosures

# L A R E D O  S M I T H, LLP

February 28, 2005

**BY OVERNIGHT MAIL**

Civil Clerk's Office
Norfolk Superior Court
Courthouse
650 High Street
Dedham, MA  02026

> Re:    Stewart v. Eli Lilly and Company, Inc. et al.
>        C.A. No. 04-02231

Dear Sir/Madam:

Enclosed for filing please find:

1.    Notice of Appearance on behalf of Defendant Pharmacia & Upjohn Company LLC f/k/a The Upjohn Company; and

2.    Defendant Pharmacia & Upjohn Company LLC f/k/a The Upjohn Company's Answer to the Complaint.

Please date stamp the enclosed copy of this letter and return it to me in the enclosed stamped envelope.

Very truly yours,

Lisa Cooney

LC/ld
Encl.
cc:    Aaron M. Levine, Esq.
       Kenneth M. Levine, Esq.
       Ashley A. Weaver, Esq.
       (all with enclosure)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

**SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
C.A#4 0 2 2 3 1**

ROBIN LISA STEWART

      Plaintiff,

vs.

**ELI LILLY AND COMPANY, INC.,
BRISTOL-MYERS SQUIBB COMPANY, INC.
a successor of E.R. SQUIBB & SONS, INC.,
PREMO PHARMACEUTICAL
LABORATORIES, INC. PHARMACIA,UPJOHN
COMPANY, INC. (aka THE UPJOHN COMPANY),
DART INDUSTRIES, INC. a successor to
REXALL DRUG COMPANY, INC., and
WYETH, INC.**



      **Defendants.**

# COMPLAINT

(DES Litigation – Products Liability, Market Share Liability)

1.    The Plaintiff, Robin Lisa Stewart, is a resident of the City of Worcester, County of Worcester, Commonwealth of Massachusetts.

2.    Defendant ELI LILLY AND COMPANY, INC., and it's predecessors, is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in Massachusetts and

manufactured, compounded, packaged, labeled, supplied, sold and advertised Diethylstilbestrol ("DES"), in the County of Norfolk, Commonwealth of Massachusetts.

3.    Defendant BRISTOL-MYERS SQUIBB COMPANY, INC., a successor of E.R. SQUIBB & SONS, INC., and it's predecessors, is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in Massachusetts and manufactured, compounded, packaged, labeled, supplied, sold and advertised Diethylstilbestrol ("DES"), in the County of Norfolk, Commonwealth of Massachusetts

4.    Defendant PREMO PHARMACEUTICAL LABORATORIES, INC., and it's predecessors, is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in Massachusetts and manufactured, compounded, packaged, labeled, supplied, sold and advertised Diethylstilbestrol ("DES"), in the County of Norfolk, Commonwealth of Massachusetts

5.    Defendant PHARMACIA and UPJOHN COMPANY, INC. (aka THE UPJOHN COMPANY), and it's predecessors, is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in Massachusetts and manufactured, compounded, packaged, labeled, supplied, sold and advertised Diethylstilbestrol ("DES"), in the County of Norfolk, Commonwealth of Massachusetts

6.    Defendant DART INDUSTRIES, INC. a successor to REXALL DRUG COMPANY, INC., and it's predecessors, is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in Massachusetts and manufactured, compounded, packaged, labeled, supplied, sold and advertised Diethylstilbestrol ("DES"), in the County of Norfolk, Commonwealth of Massachusetts

7.    Defendant WYETH, INC., and it's predecessors, is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in Massachusetts and manufactured, compounded, packaged, labeled, supplied, sold and advertised Diethylstilbestrol ("DES"), in the County of Norfolk, Commonwealth of Massachusetts

8.    Despite diligent investigation, Plaintiff is unable to identify the manufacturer of the DES to which she was exposed in 1970-71 and relies on Market Share liability.

COUNT I

(Negligence)

9.    Plaintiff restates and realleges all of the facts and allegation of paragraphs one through eight of this Compliant as is fully set forth.

10.    On or about 1971 and 1972 during her pregnancy with Robyn Lisa Stewart, the mother of the Plaintiff herein bought and ingested Diethylstilbestrol ("DES") in Massachusetts. Her physician prescribed said drug during the pregnancy. The Defendants, acting in concert, manufactured, compounded, packaged, labeled, supplied, sold and advertised Diethylstilbestrol ("DES") throughout the United States of America and the Commonwealth of Massachusetts.

11.    Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to heed and report adverse studies regarding the safety and efficacy of DES.

12.    As a direct and proximate result of Plaintiff's embryonic exposure to DES, the Plaintiff was caused to sustain severe and permanent personal injuries; including, but not limited to, uterine and cervical malformations, with resulting infertility has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; has suffered

3

physical and mental pain and suffering, and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the Plaintiff, ROBIN LISA STEWART, demands judgment against the Defendants for the above-described personal injuries, together with interest and costs.

## COUNT II
### (Strict Liability)

13.    Plaintiff restates and realleges all of the facts and allegation of paragraphs one through twelve of this Compliant as is fully set forth.

14.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

15.    Defendants are engaged, or have been engaged, in the business of producing DES, and are, or have been, a commercial manufacturer of said drug.

16.    Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendants' possession.

17.    Said product was defective when placed on the market by Defendants. DES was sold by Defendants without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

4

18.     Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

19.     As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

20.     By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

21.     As a direct and proximate result of Plaintiff's embryonic exposure to DES, the Plaintiff was caused to sustain severe and permanent personal injuries; including, but not limited to, uterine and cervical malformations, with resulting infertility has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; has suffered physical and mental pain and suffering, and her ability to enjoy life has been permanently adversely affected.

        WHEREFORE, the Plaintiff, ROBIN LISA STEWART, demands judgment against the Defendants for the above-described personal injuries, together with interest and costs.

## COUNT III

### (Breach of Warranty)

22.     Plaintiff restates and realleges all of the facts and allegation of paragraphs one through twenty two of this Compliant as is fully set forth.

23.     At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

24.     Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

25.     At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded.  In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

26.     As a direct and proximate result of Plaintiff's embryonic exposure to DES, the Plaintiff was caused to sustain severe and permanent personal injuries; including, but not limited to, uterine and cervical malformations, with resulting infertility has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; has suffered physical and mental pain and suffering, and her ability to enjoy life has been permanently adversely affected.

        WHEREFORE, the Plaintiff, ROBIN LISA STEWART, demands judgment against the Defendants for the above-described personal injuries, together with interest and costs.

6

## COUNT IV

### (Misrepresentation)

27.     Plaintiff restates and realleges all of the facts and allegation of paragraphs one through twenty-six of this Compliant as is fully set forth.

28.     Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

29.     The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

30.     At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

31.     As a direct result of said false representations by Defendants, Plaintiff was injured as aforesaid.

32.     As a direct and proximate result of Plaintiff's embryonic exposure to DES, the Plaintiff was caused to sustain severe and permanent personal injuries; including, but not limited to, uterine and cervical malformations, with resulting infertility has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; has suffered physical and mental pain and suffering, and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the Plaintiff, ROBIN LISA STEWART, demands judgment against the Defendants for the above-described personal injuries, together with interest and costs.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.

Plaintiff,
By her Attorneys,

Kenneth M. Levine, BBO # 296850
Sheila E. Mone, BBO# 634615
KENNETH M. LEVINE & ASSOCIATES
370 Washington Street
Brookline, MA  02446
(617) 566-2700

Aaron M. Levine, Esq.
AARON LEVINE & ASSOCIATES
1320 19th Street, N.W., 5th Floor
Washington, DC  20036
(202) 833-8040

DATED:  December 30, 2004

A TRUE COPY
Attest: _Mary E. Kenney_
Deputy Assistant Clerk
3/7/05

8

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
C.A. NO. 04-02231

ROBIN LISA STEWART, )
)
Plaintiff, )
)
v. )
)
ELI LILLY AND COMPANY, INC., )
BRISTOL-MYERS SQUIBB COMPANY, INC. )
a successor of E.R. SQUIBB & SONS, INC., )
PREMO PHARMACEUTICAL )
LABORATIES, INC., PHARMACIA and UPJOHN )
COMPANY, INC. (aka THE UPJOHN )
COMPANY), DART INDUSTRIES, INC. a )
Successor to REXALL DRUG COMPANY, INC., )
and WYETH, INC., )
)
Defendants. )

*3/1/05*
RECEIVED & FILED
**CLERK OF THE COURTS**
NORFOLK COUNTY
( *3/2/05* )

## NOTICE OF APPEARANCE

Now comes the undersigned, Marc C. Laredo and Lisa Cooney, and hereby enter their

appearance for Pharmacia & Upjohn Company LLC f/k/a The Upjohn Company in the above-

captioned matter.

Marc C. Laredo, BBO# 543973
Laredo & Smith, LLP
15 Broad Street, Suite 600
Boston, MA 02109
617-367-7984

Lisa Cooney, BBO#636631
Laredo & Smith, LLP
15 Broad Street, Suite 600
Boston, MA  02109
617-367-7984

Dated: February 28, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing Defendant Pharmacia & Upjohn Company LLC f/k/a The Upjohn Company's Notice of Appearance was sent, via first-class mail, postage prepaid, to:

Kenneth M. Levine, Esq.
Sheila E. Mone, Esq.
Kenneth M. Levine & Associates
370 Washington Street
Brookline, MA  02446

Aaron M. Levine, Esq.
Aaron Levine & Associates
1320 19th Street, N.W., 5th Floor
Washington, DC  20036

Ashley A. Weaver, Esq.
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA 02210

Lisa Cooney

Dated: February 28, 2005

A TRUE COPY
Attest: _Mary E. Kenney_
Deputy Assistant Clerk
3/7/05

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04  02231 | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

PLAINTIFF(S) ROBIN LISA STEWART

DEFENDANT(S) ELI LILLY AND COMPANY, INC., BRISTOL-MEYERS SQUIBB COMPANY, INC., a successor of E.R. SQUIBB SONS, INC., PREMO PHARMACEUTICAL LABORATORIES, INC. PHARMACIA, UPJOHN COMPANY, INC. (aka The Upjohn Company)

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Kenneth M. Levine # 296850  Sheila Mone  880# 639615
Kenneth M. Levine + Associates
370 Washington Street, Brookline, MA 02445
Board of Bar Overseers number: _____

ATTORNEY (if known) DART INDUSTRIES, INC. a successor to REXALL DRUG COMPANY, INC., and WYETH, INC.

**A**

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.   TYPE OF ACTION (specify)   TRACK   IS THIS A JURY CASE?

B05   PRODUCTS LIABILITY   (F)   (✓) Yes   ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 25,000.00
  2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 25,000.00
  3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
  4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
  5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
                                                          Subtotal $ 50,000.00

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . $
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . $
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . $ 25,000.00
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
F. Other documented items of damages (describe)
   ADOPTION SERVICES                                     $ 50,000.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   PLAINTIFF, LISA STEWART, HAS SUFFERED SEVERE AND PERMANENT INJURY, including UTERINE AND CERVICAL MALFORMATION, INFERTILITY, MEDICAL EXPENSES, PAIN OF BODY AND MIND, AND REDUCTION IN HER QUALITY OF LIFE.                $ 100,000.00
                                                          TOTAL $ 225,000.00

*RECEIVED AND FILED CLERK OF THE COURTS NORFOLK COUNTY*

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                          TOTAL $ . . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ Kenneth M. Levine _____   DATE: 12/30/04

AOTC-6 mtc005-11/98
A.O.S.C. 1-2000

A TRUE COPY
Attest: Mary C. Kenney
Deputy Assistant Clerk
3/1/05

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04-02231 | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

PLAINTIFF(S)
ROBIN LISA STEWART

DEFENDANT(S) ELI LILLY AND COMPANY, INC., BRISTOL-MEYERS SQUIBB COMPANY, INC., a successor to E.R. SQUIBB & SONS, PREMO PHARMACEUTICAL LABORATORIES, INC. PHARMACIA, UPJOHN COMPANY, INC. (aka Upjohn Company) DART Industries INC., a successor to REXALL DRUG COMPANY, INC., AND WYETH, INC.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Kenneth M. Levine & Talbot and Shelo Mone CBO 63465
Kenneth M. Levine & Associates
370 Washington Street, Brookline, MA 02445

Board of Bar Overseers number: AS ABOVE

ATTORNEY (if known)

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

1/28/05
RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
(2/1/05)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | PRODUCTS LIABILITY | (F) | (✓) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................ $ 25,000.00
2. Total Doctor expenses ............................................ $
3. Total chiropractic expenses ...................................... $
4. Total physical therapy expenses ................................. $
5. Total other expenses (describe) ................................. $ 25,000.00
   Subtotal $ 50,000.00

B. Documented lost wages and compensation to date ...................... $
C. Documented property damages to date ................................. $
D. Reasonably anticipated future medical and hospital expenses .......... $
E. Reasonably anticipated lost wages .................................... $
F. Other documented items of damages (describe)

$

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff has suffered severe and permanent injury, including uterine and cervical malformation, infertility, medical expenses, pain of mind and body and reduction in her quality of life.
$
TOTAL $ 50,000.00

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 1/20/04

ACTC-6 mec005-11/99
A.O.S.C. 1-2000

A TRUE COPY
Attest: Mary E. Kenney
Deputy Assistant Clerk
3/7/05

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
3/7/05

SUPERIOR COURT
CIVIL ACTION

NO. 04- 02231

_ROBIN LISA STEWART_ ............., **Plaintiff(s)**

**v.**

_ELI LILLY AND COMPANY, INC.
BRISTOL-MYERS SQUIBB COMPANY, INC.
a successor bf ER SQUIBB & SON, INC.
PREMO PHARMACEUTICAL LABORATORIES, INC.
PHARMACIA UPJOHN COMPANY, INC.
a.k.a. THE UPJOHN COMPANY, DART INDUSTRIES, INC.
a successor to REXALL DRUG COMPANY, INC., and
NYETH, INC._ ............., **Defendant(s)**

## SUMMONS

To the above-named Defendant: _BRISTOL-MYER SQUIBB COMPANY, INC._

You are hereby summoned and required to serve upon _SHEILA E. MONE_ ..............,
plaintiff's attorney, whose address is _370 WASHINGTON ST. BROOKLINE, MA 02445_ an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action. ~~BARBARA J. ROUSE, Esquire~~

WITNESS, ~~SUZANNE V. DELVECCHIO~~, Esquire, at _DEDHAM_ .............the ...SECOND.........

day of ....FEBRUARY................, in the year of our Lord two thousand and ...FIVE............................

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

A TRUE COPY
Attest: _Mary E. Kenney_
3/7/05

COMMONWEALTH OF MASSACHUSETTS

Norfolk, SS

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT

|   |   |
|---|---|
| ROBIN LISA STEWART,<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY AND CO., et al.<br><br>Defendants | CA NO: 04 02231 |

## DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S ANSWER TO COMPLAINT

Premo Pharmaceutical Laboratories, Inc., ("Premo") through undersigned counsel, responds to Plaintiff's Complaint filed on December 30, 2004 (the "Complaint") as follows:

In responding to the Complaint, Premo will provide answers only for itself, and will only respond to allegations addressed to or directed at Premo. Premo has no knowledge or information sufficient to form a belief as to the truth or falsity of any allegations relating to any other defendant herein.

1.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint.

3.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint.

4.    Denies the allegations in paragraph 4 of the Complaint and refers all questions of law to the Court, except admits that at certain times in the past Premo manufactured and sold diethylstillbestrol ("DES") in dosage form and, further, admits that Premo does not contest personal jurisdiction in this matter.

5.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint.

6.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint.

7.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint.

2

8.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint.

## RESPONDING TO COUNT I (NEGLIGENCE)

9.    Responding to the allegations in paragraph 9 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 8 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

10.    Denies the allegations in paragraph 10, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiff's mother's actions and the actions of plaintiff's mother's physician. Further, admits that at times in the past Premo manufactured and sold DES in dosage form.

11.    Denies the allegations in paragraph 11 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

12.    Denies the allegations in paragraph 12 of the Complaint.

3

## RESPONDING TO COUNT II (STRICT LIABILITY)

13.     Responding to the allegations in paragraph 13 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 12 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

14.     Denies the allegations in paragraph 14 of the Complaint.

15.     Denies the allegations in paragraph 15 of the Complaint, except admits that at times in the past Premo manufactured and sold DES in dosage form.

16.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint.

17.     Denies the allegations in paragraph 17 of the Complaint.

18.     Denies the allegations in paragraph 18 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

19.     Denies the allegations in paragraph 19 of the Complaint.

20.     Denies the allegations in paragraph 20 of the Complaint and refers all questions of law to the Court.

4

21.     Denies the allegations in paragraph 21 of the Complaint.

### RESPONDING TO COUNT III (BREACH OF WARRANTY)

22.     Responding to the allegations in paragraph 22 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 21 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

23.     Denies the allegations of paragraph 23 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

24.     Denies the allegations in paragraph 24 of the Complaint.

25.     Denies the allegations in paragraph 25 of the Complaint and refers all questions of law to the Court, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

26.     Denies the allegations in paragraph 26 of the Complaint.

### RESPONDING TO COUNT IV (MISREPRESENTATION)

27.     Responding to the allegations in paragraph 27 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 26 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

5

28.     Denies the allegations in paragraph 28 of the Complaint, except admits that

Premo believed at all times that when it manufactured and sold DES that DES was safe and

effective for its indicated uses.


29.     Denies the allegations in paragraph 29 of the Complaint.


30.     Denies the allegations in paragraph 30 of the Complaint and refers all questions of

law to the Court, except admits that Premo believed at all times that when it manufactured and

sold DES that DES was safe and effective for its indicated uses.


31.     Denies the allegations in paragraph 31 of the Complaint.


32.     Denies the allegations in paragraph 32 of the Complaint.


## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to join and include in this action all identifiable and

indispensable parties without whom, in equity and fairness, this action should not proceed.


6

## THIRD AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred by applicable statutes of limitations and by the applicable statutes of repose.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks capacity and standing to sue by reason of the fact that no duty was owed the allegedly DES-exposed plaintiff by Premo at the time such plaintiff's mother allegedly used the DES referred to in the Complaint or by reason of the doctrine of *en ventre sa mere*, and therefore, plaintiff has failed to allege facts sufficient to state a cause of action upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has been unable to identify Premo as the person causing the alleged injuries, and therefore has failed to state a cause of action against Premo upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

Any damages, injuries or losses that may have been sustained by plaintiff as alleged in the Complaint were sustained only after the allegedly DES-exposed plaintiff's mother knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the DES referred to in the Complaint with respect to herself and her offspring.

7

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, any injuries, losses or damages that plaintiff may have sustained were caused by the allegedly DES-exposed plaintiff's own negligence or that of such plaintiff's mother and, therefore, barred by the doctrine of contributory negligence.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting the causes of action contained in the Complaint because, if the DES referred to in the Complaint was used by the allegedly DES-exposed plaintiff's mother during pregnancy with such plaintiff, the use of said drug was responsible for the birth of such plaintiff.

## NINTH AFFIRMATIVE DEFENSE

If plaintiff sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Premo neither exercised nor had any right of control, for which Premo is and was not responsible, and whose conduct Premo had no duty or reason to anticipate or to control.

## TENTH AFFIRMATIVE DEFENSE

If in fact the allegedly DES-exposed plaintiff's mother used the DES referred to in the Complaint, upon information and belief, said DES was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which Premo had no control.

8

## ELEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint were caused by a drug manufactured or marketed by Premo, such injuries were the result of an idiosyncratic reaction to such drug by the allegedly DES-exposed plaintiff or by such plaintiff's mother.

## TWELFTH AFFIRMATIVE DEFENSE

With respect to all causes of action based upon alleged breaches of express or implied warranties, there was no privity of contract between plaintiff and Premo.

## THIRTEENTH AFFIRMATIVE DEFENSE

With respect to all causes of action based upon alleged breaches of express or implied warranties, there was no timely notice of any alleged breach of warranty given to Premo at any time and any applicable statutes of limitations apply.

## FOURTEENTH AFFIRMATIVE DEFENSE

The DES referred to in the Complaint was a prescription drug, and the federal government has preempted the field of law applicable to prescription drug products and their labeling; the manufacture, distribution and sale of the DES referred to in the Complaint were and are controlled by federal law and the manufacture and sale of said drug by Premo at all times were in compliance with applicable federal law; therefore, the Complaint fails to state a cause of action upon which relief may be granted in that, *inter alia*, such claims, if upheld, would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of prescription

9

drugs and would constitute an invalid burden by this Court on interstate commerce, and would, therefore, violate the Supremacy Clause (Article VI, Section 2) and the Commerce Clause (Article I, Section 8) of the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

In view of plaintiff's failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a cause of action upon which relief may be granted, in that, *inter alia*, plaintiff has asserted causes of action which, if granted, would contravene Premo's constitutional rights to substantive and procedural due process of law under both the United States and all applicable state constitutions.

## SIXTEENTH AFFIRMATIVE DEFENSE

In view of plaintiff's failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a cause of action upon which relief may be granted, in that, *inter alia*, plaintiff has asserted causes of action for relief which, if upheld, would constitute a taking of private property for a public use without just compensation and such taking would contravene Premo's constitutional rights under the United States and all applicable state constitutions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

If Premo is found liable to plaintiff for any loss allegedly suffered by plaintiff, such liability shall not exceed Premo's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such loss.

10

## EIGHTEENTH AFFIRMATIVE DEFENSE

If in fact the Complaint is held to contain a cause of action upon which relief may be granted, then plaintiff's recovery, if any, should be barred, in whole or in part, by the Massachusetts law of comparative negligence and an award of damages, if any, should be reduced by the relative amount of comparative fault attributable to plaintiff or her agents or persons other than Premo or completely barred by the doctrine of contributory negligence.

## NINETEENTH AFFIRMATIVE DEFENSE

If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused by factors other than exposure to DES and were not due to the fault, lack of care, negligence or any breach of duty by Premo.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the learned intermediary doctrine.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

This Court is not the proper venue for this action. In addition, Premo gives notice of its intention to rely upon the doctrine of *forum non conveniens*.

11

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiff's demand for judgment includes a request for punitive damages, such request violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiff's demand for judgment includes a request for punitive damages, such request violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any award of punitive damages to plaintiff in this case that is disproportionate to the actual damages incurred by plaintiff, if any, would violate the constitutional safeguards provided under the Constitution of the United States of America and all applicable state constitutions.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Punitive damages cannot be sustained because of the lack of clarity in the standards for awarding punitive damages, and plaintiff has failed to state facts sufficient to support a claim for punitive damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel and/or waiver.

12

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Premo incorporates by reference herein all other applicable defenses set forth in answers by any other defendants and will rely on all defenses that become available during discovery or trial.

WHEREFORE, Premo demands judgment dismissing the Complaint in all respects, for the costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief as to this Court may seem just and proper.

GOODWIN PROCTER LLP

By _Julie M. Wade_

Julie M. Wade (653902)
Jodi B. Buske (657990)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
Telephone: 617.570.1000
Facsimile: 617.523.1231
jwade@goodwinprocter.com
jbuske@goodwinprocter.com
*Attorneys for Defendant Premo
Pharmaceutical Laboratories, Inc.*

Of Counsel:
Christopher Garvey, Esq.
Melanie H. Muhlstock, Esq.
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Telephone (212) 813-8800
Facsimile (212) 355-3333
Cgarvey@goodwinprocter.com
Mmuhlstock@goodwinprocter.com

Dated February 24, 2005

13

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT

| | |
|---|---|
| ROBIN LISA STEWART, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION |
| ELI LILLY AND COMPANY, INC., *et al* | ) NO. 04-02231 |
| Defendants. | ) |

### ANSWER OF WYETH

Defendant Wyeth ("Wyeth") answers the Complaint of Robin Lisa Stewart in numbered paragraphs corresponding to the Complaint as follows:

1.      Wyeth states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.      Wyeth states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      Wyeth states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.      Wyeth states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.      Wyeth states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      Wyeth states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Wyeth admits that it manufactures, markets and distributes certain pharmaceuticals. Wyeth admits that Wyeth, including Ayerst, McKenna & Harrison, Ltd., a

company acquired by Wyeth, at times in the past manufactured and sold diethylstilbestrol ("DES"). Wyeth further admits that it does business in the Commonwealth of Massachusetts. Wyeth denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.    Wyeth states that whether plaintiff may rely upon "Market Share" liability is a legal conclusion to which no response is required, to the extent a response is deemed required Wyeth denies the same. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint.

### Count I
### (Negligence)

9.    Wyeth repeats and realleges its answers to Paragraphs 1 through 7 above.

10.    Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 10 of the Complaint. Wyeth admits that, at times in the past, it manufactured DES. Wyeth denies any remaining allegation directed at Wyeth, including any allegation that Wyeth manufactured the DES to which plaintiff was exposed. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint.

11.    Wyeth denies the allegations contained in Paragraph 11 of the Complaint.

12.    Wyeth denies the allegations contained in Paragraph 12 of the Complaint.

Wyeth denies that plaintiff is entitled to the relief requested against Wyeth in the "Wherefore" clause immediately following Paragraph 12 of the Complaint.

### Count II
### (Strict Liability)

13.    Wyeth repeats and realleges its answers to Paragraphs 1 through 12 above.

14.    Wyeth denies the allegations contained in Paragraph 14 of the Complaint.

15.    Wyeth admits that, at times in the past, it manufactured and sold DES. Wyeth denies any remaining allegation directed at Wyeth, including any allegation that Wyeth

- 2 -

manufactured the DES to which plaintiff was exposed. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Complaint.

16.    Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.    Wyeth denies the allegations contained in Paragraph 17 of the Complaint.

18.    Wyeth denies the allegations contained in Paragraph 18 of the Complaint.

19.    Wyeth denies the allegations contained in Paragraph 19 of the Complaint.

20.    Wyeth denies the allegations contained in Paragraph 20 of the Complaint.

21.    Wyeth denies the allegations contained in Paragraph 21 of the Complaint.

Wyeth denies that plaintiff is entitled to the relief requested against Wyeth in the "Wherefore" clause immediately following Paragraph 21 of the Complaint.

### Count III
### (Breach of Warranty)

22.    Wyeth repeats and realleges its answers to Paragraphs 1 through 21 above.

23.    Wyeth denies the allegations contained in Paragraph 23 of the Complaint.

24.    Wyeth denies the allegations contained in Paragraph 24 of the Complaint.

25.    Wyeth denies the allegations contained in Paragraph 25 of the Complaint.

26.    Wyeth denies the allegations contained in Paragraph 26 of the Complaint.

Wyeth denies that plaintiff is entitled to the relief requested against Wyeth in the "Wherefore" clause immediately following Paragraph 26 of the Complaint.

### Count IV
### (Misrepresentation)

27.    Wyeth repeats and realleges its answers to Paragraphs 1 through 27 above.

28.    Wyeth denies the allegations contained in Paragraph 28 of the Complaint.

29.    Wyeth lacks knowledge or information sufficient to form a belief as to the truth of

- 3 -

the allegations contained in Paragraph 29 of the Complaint.

30.    Wyeth denies the allegations contained in Paragraph 30 of the Complaint.

31.    Wyeth denies the allegations contained in Paragraph 31 of the Complaint.

32.    Wyeth denies the allegations contained in Paragraph 32 of the Complaint.

Wyeth denies that plaintiff is entitled to the relief requested against Wyeth in the "Wherefore" clause immediately following Paragraph 32 of the Complaint.

## DEFENSES

### First Defense

The Complaint fails to state, in whole or in part, a claim upon which relief may be granted.

### Second Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

### Third Defense

Plaintiff's natural mother knowingly and voluntarily assumed any and all risks associated with the matters alleged in the Complaint. Pursuant to the doctrines of assumption of the risk or informed consent, this conduct bars in whole or in part the damages that plaintiff seeks to recover herein.

### Fourth Defense

Plaintiff's claims are barred because the injuries allegedly sustained by plaintiff were not proximately caused by any act or omission of Wyeth.

### Fifth Defense

Plaintiff's recovery, if any, should be reduced pursuant to the comparative negligence, fault, responsibility or causation of others.

### Sixth Defense

If plaintiff was injured by any product manufactured, sold, or distributed by Wyeth, those injuries occurred because the product was used for a purpose other than that for which it was

- 4 -

intended, in a manner other than that in which it was intended to be used, and in disregard of instructions and directions regarding its use. Such misuse was not reasonable foreseeable to Wyeth.

### Seventh Defense

Plaintiff's alleged injuries and damages, if any, were caused in whole or in part by the acts and omissions of third parties over whom Wyeth had no authority or control, including without limitation, misuse of diethylstilbestrol (the "subject product") by such third parties.

### Eighth Defense

Plaintiff's claims are barred because any injuries and damages allegedly sustained by plaintiff were the result of pre-existing or subsequent conditions that are unrelated to use of the subject product.

### Ninth Defense

Plaintiff's claims are barred because any injuries and damages allegedly sustained by plaintiff were the direct and proximate result of an independent, unforeseeable, superseding, or intervening cause.

### Tenth Defense

Plaintiff's claims are barred because any injuries and damages allegedly sustained by plaintiff as a result of the subject product were caused by an idiosyncratic reaction to the subject product that was not reasonably foreseeable to Wyeth.

### Eleventh Defense

Plaintiff's claims are barred by reason of plaintiff's failure to mitigate the alleged damages or losses.

### Twelfth Defense

Plaintiff's claims are barred by the equitable doctrines of laches, waiver, and estoppel.

### Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, release, discharge, and accord and satisfaction.

- 5 -

### Fourteenth Defense

Wyeth denies, to the extent the actions alleged may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of Wyeth, or at the instruction or subject to the control of Wyeth with regard to any of the actions described in the Complaint; thus, Wyeth is not liable for any acts or omissions of such third parties as a matter of law.

### Fifteenth Defense

Wyeth avers that it did not participate in, authorize, ratify, or benefit from the alleged misrepresentations or wrongful acts that are asserted in the Complaint.

### Sixteenth Defense

Wyeth affirmatively pleads the application of comment k of section 402A of the Restatement (Second) of Torts and section 6(c) of the Restatement (Third) of Torts; Product Liability and its limitations upon the doctrine of strict product liability for purported design defect.

### Seventeenth Defense

Plaintiff's claims based on Wyeth's alleged duty to warn are barred by the learned intermediary doctrine.

### Eighteenth Defense

Plaintiff's claims are barred, in whole or in part, by the lack of a defect since the subject product was properly prepared in accordance with the applicable standard of care.

### Nineteenth Defense

Plaintiff's claims are barred because, based on the state of scientific, medical and technical knowledge at the time the subject product was marketed, the product was reasonably safe for its normal and foreseeable use at all times, it was not unreasonably dangerous or defective, and its benefits exceeded any associated risks.

- 6 -

### Twentieth Defense

Plaintiff's claims are barred because the methods, standards, and techniques utilized by Wyeth in manufacturing, distributing, marketing, or labeling the subject product and in issuing warnings and instructions with respect to its use, conformed with the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured and distributed.

### Twenty-First Defense

Plaintiff's claims predicated on state tort law and alleging that the subject product is unsafe are barred, in whole or in part, by the doctrine of federal preemption and the Supremacy Clause of the United States Constitution, Article IV, clause 2.

### Twenty-Second Defense

The conduct of Wyeth, as well as the subject product, conformed with the Federal Food, Drug, and Cosmetic Act and the requirements of the Food and Drug Administration. Moreover, the activities of Wyeth alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time alleged in the Complaint.

### Twenty-Third Defense

Plaintiff's claims are barred, in whole or in part, because Wyeth's advertisements and labeling with respect to the subject product were not false or misleading, and therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Twenty-Fourth Defense

To the extent plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Wyeth's rights under the United States Constitution.

### Twenty-Fifth Defense

Plaintiff is not entitled to an award of attorneys' fees in the absence of a contract, statute, or law authorizing such fees.

- 7 -

**Twenty-Sixth Defense**

Should Wyeth be held liable to plaintiff, which liability is specifically denied, Wyeth would be entitled to a set off for the total of all amounts paid to plaintiff from all collateral sources.

**Twenty-Seventh Defense**

To the extent applicable, plaintiff's purported breach of warranty claims are barred by a lack of privity between plaintiff and Wyeth and because plaintiff failed to provide Wyeth with reasonable or adequate notice of the alleged breach of any such purported warranties.

**Twenty-Eighth Defense**

If plaintiff is unable to identify and prove the specific manufacturer of the alleged injury-causing product, she fails to state a claim upon which relief can be granted in that she has asserted claims for relief which, if granted, would violate the public policy of the Commonwealth of Massachusetts and all other applicable states, and constitute a denial by this Court of Wyeth's federal and state constitutional rights to due process of law, equal protection of the law, and to be free from the imposition of state law liabilities that interfere with the federal regulation of pharmaceutical products and the free flow of commerce between and among the states.

**Twenty-Ninth Defense**

If plaintiff is unable to identify and prove the specific manufacturer of the alleged injury-causing product, she lacks standing to pursue this action.

**Thirtieth Defense**

If Wyeth is found liable to plaintiff for any loss allegedly suffered by plaintiff, such liability shall not exceed Wyeth's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such non-economic loss.

**Thirty-First Defense**

Plaintiff's claims are barred by contributory negligence, which was a direct and proximate cause of plaintiff's alleged conditions and which is a complete bar to plaintiff's recovery in this case.

## Thirty-Second Defense

Plaintiff's claims, to the extent they rely upon Market Share liability, are barred under Massachusetts law.

Wyeth reserves the right to supplement its answer and affirmative defenses with additional defenses that become available or apparent during the course of investigation, preparation, or discovery and to amend its answer accordingly.

**WHEREFORE**, Wyeth prays for relief and judgment against plaintiff that:

A.  plaintiff takes nothing by reason of the Complaint;

B.  this action be dismissed with prejudice;

C.  Wyeth recovers its fees, costs, and attorneys' fees incurred herein; and

D.  the Court award such further and other relief as it deems proper.

## JURY DEMAND

Wyeth hereby demands a trial by jury on all claims against it.

Wyeth,

By its attorneys,

Janice W. Howe, BBO #242190
Paul M. Robertson, BBO #562421
Mary B. Murrane, BBO #644448
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: February 28, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon counsel of record by U.S. Mail on February 28, 2005.

Paul M. Robertson

A TRUE COPY
Attest: _Mary E. Kenney_
Deputy Assistant Clerk
3/9/05

RECEIVED & FILED
CLERK OF           RTS
NORFOLK   JUNTY

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

NORFOLK, ss

SUPERIOR COURT DEPARTMENT

ROBIN LISA STEWART,

Plaintiff,

v.

ELI LILLY AND COMPANY, *et al.*

Defendants.

CIVIL ACTION No. 04-02231

## DEFENDANT ELI LILLY AND COMPANY'S
## ANSWER TO THE COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers the Complaint filed in this action as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

1. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2. Lilly states that it did sell and distribute diethylstilbestrol in Massachusetts. Lilly responds that the term "DES" includes many drug products including but not limited to diethylstilbestrol, and any admissions in this Answer are intended to refer only to diethylstilbestrol as it relates to Lilly. Lilly also states that it is doing business in Massachusetts and that the FDA approved Lilly's sales of diethylstilbestrol and declared that the drug was

generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

3. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 3 of the Complaint.

4. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 4 of the Complaint.

5. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 5 of the Complaint.

6. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 6 of the Complaint.

7. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 7 of the Complaint.

8. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 8 of the Complaint.

### COUNT I
**(Negligence)**

9. Lilly repeats and realleges its answers contained in Paragraphs 1 through 8 above.

10. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 3. Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Except as already stated, Lilly denies the allegations of Paragraph 10 of the Complaint.

11. Lilly denies the allegations contained in Paragraph 11 of the Complaint.

12. Lilly denies the allegations contained in Paragraph 12 of the Complaint.

### COUNT II
### (Strict Liability)

13. Lilly repeats and realleges its answers contained in Paragraphs 1 through 12 above.

14. Lilly denies the allegations contained in Paragraph 14 of the Complaint.

15. In response to the allegations contained in Paragraph 15, Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Except as already stated, Lilly denies the allegations of Paragraph 15 of the Complaint.

16. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 16 of the Complaint.

17. Lilly denies the allegations contained in Paragraph 17 of the Complaint.

18. Lilly denies the allegations contained in Paragraph 18 of the Complaint.

19. Lilly denies the allegations contained in Paragraph 19 of the Complaint.

20. Lilly denies the allegations contained in Paragraph 20 of the Complaint.

21. Lilly denies the allegations contained in Paragraph 21 of the Complaint.

### COUNT III

**(Breach of Warranty)**

22. Lilly repeats and realleges its answers contained in Paragraphs 1 through 21 above.

23. Lilly denies the allegations contained in Paragraph 23 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

24. Lilly denies the allegations contained in Paragraph 24 of the Complaint.

25. Lilly denies the allegations contained in Paragraph 25 of the Complaint.

26. Lilly denies the allegations contained in Paragraph 26 of the Complaint.

## COUNT IV
### (Misrepresentation)

27. Lilly repeats and realleges its answers contained in Paragraphs 1 through 26 above.

28. Lilly denies the allegations contained in Paragraph 28 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

29. Lilly denies the allegations contained in Paragraph 29 of the Complaint.

30. Lilly denies the allegations contained in Paragraph 30 of the Complaint.

31. Lilly denies the allegations contained in Paragraph 31 of the Complaint.

32. Lilly denies the allegations contained in Paragraph 32 of the Complaint.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

### THIRD DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations or laches.

## FOURTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

## FIFTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, Plaintiff's claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom defendant discharged any duty to warn.

## SIXTH DEFENSE

This court lacks personal jurisdiction over Lilly.

## SEVENTH DEFENSE

Venue is improper in this judicial district.

## EIGHTH DEFENSE

Plaintiff's claims are barred and preempted by Lilly's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

## NINTH DEFENSE

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case, and hereby reserves the right to amend its Answer to assert any such defense.

## DEMAND FOR JURY TRIAL

The answering defendant requests a trial by jury.

Respectfully submitted,

ELI LILLY AND COMPANY

James J. Dillon, BBO # 124660
Brian L. Henninger, BBO # 657926
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated:  February 24, 2005

## CERTIFICATE OF SERVICE

I certify that on February 24, 2005, a true copy of Defendant Eli Lilly's Answer To The Complaint was served by U.S. First Class Mail, postage prepaid, upon:

Kenneth M. Levine, Esq.
Sheila E. Mone, Esq.
Kenneth M. Levine & Associates
370 Washington Street
Brookline, MA 02446
**Attorneys for Plaintiff**

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorneys for Plaintiff**

Sydney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202
**Attorneys for Bristol-Myers Squibb Company**

Julie M. Wade, Esq.
Jodi B. Buske, Esq.
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109-2881
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Christopher J. Garvey, Esq.
Melanie H. Muhlstock, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, New York 10022
**Of Counsel for Premo Pharmaceutical Laboratories Inc.**

Marc Laredo, Esq.
Laredo & Smith LLP
15 Broad Street
Suite 600
Boston, MA 02109
**Attorneys for Pharmacia & Upjohn Company LLC**

Stephanie Albert, Esq.
Heidi Hilgendorff, Esq.
Drinker Biddle & Reath
1500 K Street, N.W., Suite 1100
Washington, DC 20005-1209
**Attorneys for Pharmacia & Upjohn Company LLC**

John Anderson, Esq.
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Center
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Janice W. Howe, Esq.
Bingham McCutcheon LLP
150 Federal Street
Boston, MA 02110-1726
**Attorneys for Wyeth, Inc.**


Brian L. Henninger

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

NORFOLK, ss

SUPERIOR COURT DEPARTMENT

ROBIN LISA STEWART,

Plaintiff,

v.

ELI LILLY AND COMPANY, *et al.*

Defendants.

CIVIL ACTION No. 04-02231

## DEFENDANT ELI LILLY AND COMPANY'S CORPORATE DISCLOSURE STATEMENT

I, the undersigned, counsel of record for Defendant Eli Lilly and Company, certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries, or affiliates of Eli Lilly and Company which have any outstanding securities in the hands of the public.

**Lilly Del Mar, Inc., a British Virgin Islands Corporation**

These representations are made in order that judges of this Court may determine the need for recusal.

Respectfully submitted,

ELI LILLY AND COMPANY

James J. Dillon, BBO # 124660
Brian L. Henninger, BBO # 657926
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: February 24, 2005

## CERTIFICATE OF SERVICE

I certify that on February 24, 2005, a true copy of the foregoing document was served by U.S. First Class Mail, postage prepaid, upon:

Kenneth M. Levine, Esq.
Sheila E. Mone, Esq.
Kenneth M. Levine & Associates
370 Washington Street
Brookline, MA 02446
**Attorneys for Plaintiff**

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorneys for Plaintiff**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202
**Attorneys for Bristol-Myers Squibb Company**

Julie M. Wade, Esq.
Jodi B. Buske, Esq.
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109-2881
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Christopher J. Garvey, Esq.
Melanie H. Muhlstock, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, New York 10022
**Of Counsel for Premo Pharmaceutical Laboratories Inc.**

Marc Laredo, Esq.
Laredo & Smith LLP
15 Broad Street
Suite 600
Boston, MA 02109
**Attorneys for Pharmacia & Upjohn Company LLC**

Stephanie Albert, Esq.
Heidi Hilgendorff, Esq.
Drinker Biddle & Reath
1500 K Street, N.W., Suite 1100
Washington, DC 20005-1209
**Attorneys for Pharmacia & Upjohn Company LLC**

John Anderson, Esq.
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Center
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Janice W. Howe, Esq.
Bingham McCutcheon LLP
150 Federal Street
Boston, MA 02110-1726
**Attorneys for Wyeth, Inc.**


Brian L. Henninger

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

NORFOLK, ss                                SUPERIOR COURT DEPARTMENT

ROBIN LISA STEWART,

          Plaintiff,

          v.                          CIVIL ACTION No. 04-02231

ELI LILLY AND COMPANY, *et al.*

          Defendants.

## DEFENDANT ELI LILLY AND COMPANY'S
## CORPORATE DISCLOSURE STATEMENT

I, the undersigned, counsel of record for Defendant Eli Lilly and Company,

certify that to the best of my knowledge and belief, the following are parent companies,

subsidiaries, or affiliates of Eli Lilly and Company which have any outstanding securities in the

hands of the public.

**Lilly Del Mar, Inc., a British Virgin Islands Corporation**

These representations are made in order that judges of this Court may determine

the need for recusal.

Respectfully submitted,

ELI LILLY AND COMPANY

James J. Dillon, BBO # 124660
Brian L. Henninger, BBO # 657926
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated:  February 24, 2005

*10.0*

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                               OF THE TRIAL COURT
                                               C.A. NO. 04-02231

| | |
|---|---|
| ROBIN LISA STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ELI LILLY AND COMPANY, INC., | ) |
| BRISTOL-MYERS SQUIBB COMPANY, INC. | ) |
| a successor of E.R. SQUIBB & SONS, INC., | ) |
| PREMO PHARMACEUTICAL | ) |
| LABORATIES, INC., PHARMACIA and UPJOHN | ) |
| COMPANY, INC. (aka THE UPJOHN | ) |
| COMPANY), DART INDUSTRIES, INC. a | ) |
| Successor to REXALL DRUG COMPANY, INC., | ) |
| and WYETH, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

*3/1/05*
RECEIVED & FILED
**CLERK OF THE COURTS**
NORFOLK COUNTY
*( 3/2/05 )*

## ANSWER AND DEMAND FOR TRIAL BY JURY OF DEFENDANT PHARMACIA & UPJOHN COMPANY LLC

Defendant Pharmacia & Upjohn Company LLC f/k/a the Upjohn Company ("Upjohn"),

by counsel, upon knowledge as to itself and upon information and belief as to all others, answers

Plaintiff Robin Lisa Stewart's Complaint as follows:

1.      Upjohn is without knowledge or information sufficient to either admit or deny the

allegations in Paragraph 1.

2.      Upjohn is without knowledge or information sufficient to either admit or deny the

allegations in Paragraph 2; therefore, they are denied.

3.      Upjohn is without knowledge or information sufficient to either admit or deny the

allegations in Paragraph 3; therefore, they are denied.

4.    Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 4; therefore, they are denied.

5.    Upjohn admits that it sells pharmaceutical products and that its predecessor company, at various times, sold diethylstilbestrol (DES), which was approved by the Food & Drug Administration. The allegation that Upjohn is "doing business" in Massachusetts is a legal characterization and/or conclusion to which no response is required. The remainder of the allegations in Paragraph 5 are denied.

6.    Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 6; therefore, they are denied.

7.    Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 7; therefore, they are denied.

8.    Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 8.

## COUNT I
### (Negligence)

9.    Upjohn incorporates by reference its answers to the allegations in Paragraphs 1-8.

10.    Upjohn denies "acting in concert" as alleged. Upjohn admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the Food & Drug Administration. Upjohn is without knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 10; therefore, those allegations are denied.

11.    Upjohn denies the allegations in Paragraph 11.

12.    Upjohn denies the allegations in Paragraph 12.

2

## COUNT II
### (Strict Liability)

13.     Upjohn incorporates by reference its answers to the allegations in Paragraphs 1-12.

14.     Upjohn denies the allegations in Paragraph 14.

15.     Upjohn denies the allegations in Paragraph 15, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the Food & Drug Administration.  To the extent that the allegations in Paragraph 15 are directed at other defendants, Upjohn is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

16.     Upjohn denies that Plaintiff's mother ingested DES manufactured by Upjohn. Upjohn is without knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 16; therefore, those allegations are denied.

17.     Upjohn denies the allegations in Paragraph 17.

18.     Upjohn denies the allegations in Paragraph 18.

19.     Upjohn denies the allegations in Paragraph 19.

20.     Upjohn denies the allegations in Paragraph 20.

21.     Upjohn denies the allegations in Paragraph 21.

## COUNT III
### (Breach of Warranty)

22.     Upjohn incorporates by reference its answers to the allegations in Paragraphs 1-21.

23.     Upjohn admits that admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the Food & Drug Administration.  The

3

remainder of the allegations in Paragraph 23 are denied insofar as they are addressed to Upjohn. To the extent that the allegations in Paragraph 23 are directed at other defendants, Upjohn is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

     24.    Upjohn denies the allegations in Paragraph 24.

     25.    Upjohn denies the allegations in Paragraph 25.

     26.    Upjohn denies the allegations in Paragraph 26.

## COUNT IV
### (Misrepresentation)

     27.    Upjohn incorporates by reference its answers to the allegations in Paragraphs 1-26.

     28.    Upjohn denies the allegations in Paragraph 28.

     29.    Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 29; therefore, those allegations are denied.

     30.    Upjohn denies the allegations in Paragraph 30.

     31.    Upjohn denies the allegations in Paragraph 31.

     32.    Upjohn denies the allegations in Paragraph 32.

By way of further answer, Upjohn denies all other allegations contained in Plaintiff's Complaint which are not otherwise expressly admitted herein.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statutes of limitations, statues of repose, and/or the doctrine of laches.

4

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint and any claim for punitive damages is barred by reason of Upjohn's predecessor's compliance with all applicable federal, state, local and regulatory requirements concerning DES.

## FOURTH AFFIRMATIVE DEFENSE

Upjohn states that unless its predecessor can be specifically identified as the manufacturer or distributor of the DES allegedly consumed by Plaintiff's mother, any recovery against it would violate its rights under the United States Constitution and the constitution(s) of the governing state(s), including its right to due process and equal protection.

## FIFTH AFFIRMATIVE DEFENSE

Upjohn states that venue is improper and inconvenient in this judicial district.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the learned intermediary doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the doctrines of contributory negligence, comparative negligence and/or assumption of the risk.

## EIGHTH AFFIRMATIVE DEFENSE

Upjohn states that its predecessor acted at all times in full conformity with the then-existing state of the art.

## NINTH AFFIRMATIVE DEFENSE

Upjohn states that Plaintiff's breach of warranty claims must fail due to lack of privity and timely notice.

5

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of preemption under the Supremacy Clause of the United States Constitution because DES has been approved as a prescription medical product by the United States Food and Drug Administration ("FDA"), and has been tested, manufactured and labeled in accordance with federal standards and law.

## ELEVENTH AFFIRMATIVE DEFENSE

All claims raised and all causes of actions asserted in the Complaint against Upjohn are barred by the doctrines of estoppel, laches, waiver, or statutory compliance and the acts of plaintiff or her natural mother, including contributory negligence, assumption of risk and/or misuse or abuse of such product.

## TWELFTH AFFIRMATIVE DEFENSE

If plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Upjohn was not responsible and with whom Upjohn has no legal connection.

## THIRTEENTH AFFIRMATIVE DEFENSE

If plaintiff sustained injuries or incurred expenses as alleged, the same were not due or caused by the fault, lack of care, negligence, strict liability, fraud, misrepresentation, or breach of duty on the part of Upjohn.

## FOURTEENTH AFFIRMATIVE DEFENSE

If plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part through the operation of nature, idiosyncratic reaction or other intervening cause or causes.

6

## FIFTEENTH AFFIRMATIVE DEFENSE

If plaintiff sustained injuries or incurred expenses as alleged, the same resulted from pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses of plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead fraud and misrepresentation with the particularity required by Massachusetts Rule of Civil Procedures 9(b) and should be dismissed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join as defendants indispensable parties whose joinder is necessary for this action to proceed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If plaintiff sustained injury or damage as alleged, it was exacerbated by plaintiff's failure to mitigate such injury or damage.

## NINETEENTH AFFIRMATIVE DEFENSE

Any claims based on breach of warranty theory are barred for lack of privity and for failure to give timely notice of any alleged breach of warranty.

## TWENTIETH AFFIRMATIVE DEFENSE

Upjohn adopts and incorporates by reference each and every other affirmative defense asserted by any other defendant herein.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Upjohn states that to the extent Plaintiff seeks to recover punitive damages from it, such an award would, if granted, violate its rights to due process and equal protection guaranteed to it under the United States Constitution and the constitution(s) of the governing state(s).

7

<u>TWENTY SECOND AFFIRMATIVE DEFENSE</u>

This Court lacks subject matter and personal jurisdiction over the claims alleged in

plaintiff's Complaint.

Upjohn reserves its right to amend this answer and/or to add additional affirmative

defenses as may be appropriate.

## **DEMAND FOR JURY TRIAL**

**UPJOHN HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO**

**TRIABLE.**

PHARMACIA & UPJOHN COMPANY LLC
By its attorneys,

Marc C. Laredo, BBO# 543973
Lisa Cooney, BBO#636631
Laredo & Smith, LLP
15 Broad Street, Suite 600
Boston, MA   02109
617-367-7984

Dated:  February 28, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing Defendant Pharmacia & Upjohn Company LLC f/k/a The Upjohn Company's Answer to Complaint was sent, via first-class mail, postage prepaid, to:

Kenneth M. Levine, Esq.
Sheila E. Mone, Esq.
Kenneth M. Levine & Associates
370 Washington Street
Brookline, MA  02446

Aaron M. Levine, Esq.
Aaron Levine & Associates
1320 19th Street, N.W., 5th Floor
Washington, DC  20036

Ashley A. Weaver, Esq.
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA 02210

Lisa Cooney

Dated:  February 28, 2005

A TRUE COPY
Attest: _Mary E. Kenney_
Deputy Assistant Clerk
3/5/05

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED)
TORT - MOTOR VEHICLE TORT - CONTRACT
EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 04-02231

*RECEIVED & FILED
CLERK OF THE COU
NORFOLK COUNTY
3/3/05*
*2/25/05*

ROBIN LISA STEWART ........., Plaintiff(s)

v.

ELI LILLY AND COMPANY, INC.
BRISTOL-MYERS SQUIBB COMPANY, INC.
a successor to E.R. SQUIBB & SONS, INC.
PREMO PHARMACEUTICAL LABORATORIES, INC. , Defendant(s)
PHARMACIA, UPJOHN COMPANY, INC.
(aka THE UPJOHN COMPANY), DART INDUSTRIES, INC.
a successor to REXALL DRUG COMPANY, INC. and,
WYETH, INC.

## SUMMONS

To the above-named Defendant: ELI LILLY AND COMPANY, INC.

You are hereby summoned and required to serve upon SHEILA E. MONE ............,

plaintiff's attorney, whose address is 370 WASHINGTON ST. BROOKLINE, MA 02445 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

day of .......................... in the year of our Lord two thousand and .....

.................................... Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

A TRUE COPY
Attest: Mary E. Kenney
Deputy Assistant Clerk
3/7/05

Domestic Return Receipt

7004 1350 0001 3769 5685

COMPLETE THIS SECTION

COMPLETE THIS SECTION ON DELIVERY

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 04 - 02231

2/25/41
RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
3/3/05

_ROBIN LISA STEWART_____, **Plaintiff(s)**

**v.**

_ELI LILLY AND COMPANY, INC.,_
_BRISTOL-MYERS SQUIBB COMPANY, INC_
_a successor of ER SQUIBB & SONS, INC_
_PREMO PHARMACEUTICAL LABORATORIES, INC._
_PHARMACIA UPJOHN COMPANY INC._____, **Defendant(s)**
_(aka THE UPJOHN COMPANY) DART INDUSTRIES, INC._
_a successor to REXALL DRUG COMPANY, INC._
_and WYETH, INC._

## SUMMONS

To the above-named Defendant: _PREMO PHARMACEUTICAL LABORATORIES, INC._

You are hereby summoned and required to serve upon _SHEILA E. MONE_____,

plaintiff's attorney, whose address is _370 WASHINGTON ST. BROOKLINE, MA 02445_ an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.   If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.   You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.   **BARBARA J. ROUSE, Esquire**

WITNESS, SUZANNE V. DELVECCHIO, Esquire, at _DEDHAM_____the _SECOND_____

day of _FEBRUARY_____, in the year of our Lord two thousand and _FIVE_____

_Walter H. Demilly_ Clerk.

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

A T
Attest: _Mary E. Kinney_
3/7/05

SENDER: COMPLETE THIS SECTION

COMPLETE THIS SECTION ON DELIVERY

Proton Pharmaceutical
Laboratories, Inc
820 Bear Tavern Rd.
W. Trenton, NJ 08028

3. Service Type
☒ Certified Mail      ☐ Express Mail
☐ Registered          ☒ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

7004 1350 0001 3769 5708

13-C

(TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. *04 - 02231*

*ROBIN LISA STEWART* .................., **Plaintiff(s)**

RECEIVED & FILED
*K.O.*
NORFOLK COUNTY
*2/8/05*

**v.**

*ELI LILLY AND COMPANY, INC.*
*BRISTOL-MYERS SQUIBB COMPANY, INC*
*& successor of E.R. SQUIBB & SONS, INC.* **Defendant(s)**
*PREMO PHARMACEUTICAL LABORATORIES, INC,*
*PHARMACIA, UPTOWN COMPANY, INC.*
*(a.k.a THE UPTOWN COMPANY), DART*
*INDUSTRIES, INC. & successor to REXALL DRUG COMPANY*
*INC. and*
*WYETH, INC.*

## SUMMONS

To the above-named Defendant: *WYETH, INC.*

You are hereby summoned and required to serve upon *SHEILA E. MONE* ..................,
plaintiff's attorney, whose address is *370 WASHINGTON ST. BROOKLINE, MA 02445* an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

~~BARBARA J. ROUSE, Esquire~~

WITNESS, ~~SUZANNE V. DELVECCHIO, Esquire~~, at *DEDHAM* ..........the *SECOND* ..........
day of ....*FEBRUARY*............, in the year of our Lord two thousand and ..*FIVE*...........................

_____ Clerk.

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT
EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

RECEIVED & ~~FILED~~

**CLERK OF THE COURTS**

NORFOLK COUNTY

NORFOLK, ss.

SUPERIOR COURT

CIVIL ACTION

NO. 04-0223i

_ROBIN LISA STEWART_ ......................, **Plaintiff(s)**

v.

_ELI LILLY AND COMPANY, INC._
_BRISTOL-MYERS SQUIBB COMPANY, INC._
_a successor of ER SQUIBB & SONS, INC._
_PREMO PHARMACEUTICAL LABORATORIES, INC._
_PHARMACIA, UPTOWN COMPANY, INC._ ......................, **Defendant(s)**
_(aka THE UPJOHN COMPANY), DART INDUSTRIES, INC._
_a successor to REXALL DRUG COMPANY, INC._
_and WYETH INC._

## SUMMONS

To the above-named Defendant: _PHARMACIA &_
_UPJOHN COMPANY, INC (aka THE UPJOWN COMPANY)_

You are hereby summoned and required to serve upon _SHEILA E. MONE_ ......................,
plaintiff's attorney, whose address is _370 WASHINGTON ST. BROOKLINE MA02445_ ......................, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.    **BARBARA J. ROUSE, Esquire**

WITNESS, SUZANNE V. DELVECCHIO, Esquire, at _DEDHAM_ ......................the _SECOND_ ......................

day of _FEBRUARY_ ......................, in the year of our Lord two thousand and _FIVE_ ......................

_Walter F. Timilty_ Clerk.

## NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

**SENDER: COMPLETE THIS SECTION**

**COMPLETE THIS SECTION ON DELIVERY**

1. Article Addressed to:

Pharmacia & Upjohn Company
7000 Portage Rd.
Kalamazoo, MI 49001

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☒ Return Receipt for Merchan
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)    7004 1350 0001 3769 5678

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M

A TRUE COPY
Attest: Mary E. Kenney
Deputy Assistant Clerk
3/7/05

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

NORFOLK, ss                                                    SUPERIOR COURT DEPARTMENT

ROBIN LISA STEWART,

                    Plaintiff,                          CIVIL ACTION No. 04-02231

        v.                                              **NOTICE OF FILING NOTICE OF**
                                                        **REMOVAL**
ELI LILLY AND COMPANY, *et al.*

                    Defendants.


TO THE CLERK OF THE ABOVE-ENTITLED COURT:

        Please take notice that on March 4, 2005, defendant Eli Lilly and Company filed the

attached Notice of Removal in the United States District Court for the District of Massachusetts.

                                    Respectfully submitted,

                                    ELI LILLY AND COMPANY


                                    James J. Dillon, BBO # 124660
                                    Brian L. Henninger, BBO # 657926
                                    Foley Hoag LLP
                                    155 Seaport Boulevard
                                    World Trade Center West
                                    Boston, MA 02210-2600
                                    (617) 832-1000

Dated: March 4, 2005

## CERTIFICATE OF SERVICE

I certify that on March 4, 2005, a true copy of the foregoing Notice of Removal was served by U.S. First Class Mail, postage prepaid, upon:

Kenneth M. Levine, Esq.
Sheila E. Mone, Esq.
Kenneth M. Levine & Associates
370 Washington Street
Brookline, MA 02446
**Attorneys for Plaintiff**

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorneys for Plaintiff**

Barry Gerstman, Esq.
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street, 39th Floor
New York, NY 10004-2400
**Attorneys for Bristol-Myers Squibb Company**

Julie M. Wade, Esq.
Jodi B. Buske, Esq.
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109-2881
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Christopher J. Garvey, Esq.
Melanie H. Muhlstock, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, New York 10022
**Of Counsel for Premo Pharmaceutical Laboratories Inc.**

Marc Laredo, Esq.
Laredo & Smith LLP
15 Broad Street
Suite 600
Boston, MA 02109
**Attorneys for Pharmacia & Upjohn Company LLC**

Heidi Hilgendorff, Esq.
Drinker Biddle & Reath
500 Campus Drive
Florham Park, NJ 07932-1047
**Attorneys for Pharmacia & Upjohn Company LLC**

Sheila A. Moeller, Esq.
Gilbride, Tusa, Last & Spellane LLC
708 Third Avenue
26th Floor
New York, NY 10017
**Attorneys for Dart Industries, Inc.**

Janice W. Howe, Esq.
Bingham McCutcheon LLP
150 Federal Street
Boston, MA 02110-1726
**Attorneys for Wyeth, Inc.**

Ashley A. Weaver

A TRUE COPY
Attest: _Mary E. Kenney_
Deputy Assistant Clerk
3/7/05