UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBYN LISA STEWART ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | Civil Action No: 05-10409-WGY |
| ] | |
| ELI LILLY AND CO., et. al. ] | |
| ] | |
| Defendants ] | |
| ] | |

### PLAINTIFF'S MOTION TO REMAND

COME NOW the Plaintiff, by and through counsel, and respectfully moves this Court to remand this cause to the Superior Court Department of the Trial Court of Norfolk County, Massachusetts, pursuant to 28 U.S.C., Sec. 1447[c], and as grounds therefore state:

1.  This case concerns a pharmaceutical/ products liability claim in which plaintiff alleges she was injured as a result of in utero exposure to Diethylstilbestrol("DES"). Although initially filed in state Court in Norfolk County with an attached civil cover sheet claiming damages not in excess of $75,000.00, Defendants removed this case to this Court. (See Plaintiff's Civil Action Cover Sheet, attached hereto as Appendix No. 1).

2.  Diversity jurisdiction does not exist in this Court. Although the parties domiciles are diverse, the amount in controversy does exceed $75,000.00, as required under 28 U.S.C. Sec 1332. In addition to the Civil Cover Sheet, Plaintiff hereby stipulates that she does not seek nor claim damages in excess of $75,000.00. (See March 15, 2005 Stipulation signed by plaintiff and counsel, attached hereto as Appendix No. 2). Such a binding pleading strips this Court of jurisdiction.

3.	Defendants, in their Notice of Removal, state the unspecified damages in the Complaint "indicates she expects to recover well over $75,000.00." (Defendant's Notice of Removal, page 3). Plaintiff's Stipulation clearly indicates that is not the case. Their citation to *Chin v. Holiday Cruises*, 141 F.R.D. 367 (D. Mass. 1992) is inopposite in that in that case the court stated "absent evidence to the contrary, she therefore was a realistic expectation of recovering in excess of 59,000." *Id.* Plaintiff's Stipulation is evidence to the contrary. Courts routinely hold amounts in controversy for diversity purposes are generally gauged from the plaintiff's point of view. *Ferris v. General Dynamics Corp.*, 645 F. Supp. 1354, 1361 (D.R.I. 1986).

WHEREFORE, Plaintiff requests this Court remand this cause to Massachusetts Superior Court at Norfolk County.

Respectfully submitted,

Plaintiff,
By her Attorneys,

/s/ Sheila E. Mone

_____
Kenneth M. Levine. BBO #296850
Sheila E. Mone, BBO #634615
KENNETH M. LEVINE & ASSOCIATES
370 Washington Street
Brookline, MA 02446
(617) 566-2700

Aaron M. Levine, Esq.
AARON M. LEVINE & ASSOCIATES
1320 19TH Street, N.W., 5th Floor
Washington, DC 20036
(202) 833-8040

**AMENDED**

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-02231 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

**PLAINTIFF(S)**
ROBIN LISA STEWART

**DEFENDANT(S)** ELI LILLY AND COMPANY, INC., BRISTOL-MEYERS SQUIBB COMPANY, INC. a successor of E.R. Squibb & Sons, Premo Pharmaceutical Laboratories, Inc., Pharmacia, Upjohn Company, Inc. (a/k/a Upjohn Company), Dart Industries,

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Kenneth M. Levine BBO# 296850 and Chris Moss BBO# 632565
Kenneth M. Levine & Associates
370 Washington Street, Brookline, MA 02445

**ATTORNEY** (if known) Inc., a successor to Rexall Drug Company, Inc., and Wyeth, Inc.

Board of Bar Overseers number: AS ABOVE

### Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | PRODUCTS LIABILITY | (F) | (✓) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .......................... $ 25,000.00
2. Total Doctor expenses ........................... $
3. Total chiropractic expenses ..................... $
4. Total physical therapy expenses ................. $
5. Total other expenses (describe) ................. $ 25,000.00
                                                                                  Subtotal $ 50,000.00

B. Documented lost wages and compensation to date ............... $
C. Documented property damages to date ....................... $
D. Reasonably anticipated future medical and hospital expenses .... $
E. Reasonably anticipated lost wages ........................... $
F. Other documented items of damages (describe)
                                         $
G. Brief description of plaintiff's injury, including nature and extent of Injury (describe)
Plaintiff has suffered severe and permanent injury, including uterine and cervical malformation, infertility, medical expenses, pain of mind and body and reduction in her quality of life.
                                                            TOTAL $ 50,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                            TOTAL $ ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____     DATE: 1/20/04

AOTC-6 mac005-11/99
A.O.S.C. 1-2000



MAR. 21. 2005 2:52PM  HOL 202 8338046  FINANCIAL AID  508 793 2...NO. 558  P. 2  P.01

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

ROBYN LISA STEWART )
)
Plaintiff, )
)
v. )
) Civil Action No: 05-10409-WGY
ELI LILLY AND CO., et al. )
)
Defendants )
)

## STIPULATION

Comes now the plaintiff, by and through counsel, and hereby stipulates she does not seek, nor claim damages, in excess of Seventy-Five Thousand Dollars, ($75,000.00).

SEEN & AGREED

Plaintiff,
By her Attorneys,

*Robyn L. Stewart*
Robyn Lisa Stewart
Plaintiff

*Sheila Mone*
Kenneth M. Levine, BBO #296850
Sheila E. Mone, BBO #634615
KENNETH M. LEVINE & ASSOCIATES
370 Washington Street
Brookline, MA 02446
(617) 566-2700

Aaron M. Levine, Esq.
AARON M. LEVINE & ASSOCIATES
1320 19TH Street, N.W., 5th Floor
Washington, DC 20036
(202) 833-8040

DATED: March 15, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBYN LISA STEWART ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | Civil Action No: 05-10409-WGY |
| ] | |
| ELI LILLY AND CO., et. al. ] | |
| ] | |
| Defendants ] | |
| ] | |

## POINTS AND AUTHORITIES

1. Plaintiff's March 15, 2005 Stipulation.

2. 28 U.S.C., Sec 1332.

3. 28 U.S.C., Sec. 1447{c}.

4. The record herein.

                        Respectfully submitted,

                        Plaintiff,
                        By her Attorneys,

                        /s/ Sheila E. Mone

                        _____
                        Kenneth M. Levine. BBO #296850
                        Sheila E. Mone, BBO #634615
                        KENNETH M. LEVINE & ASSOCIATES
                        370 Washington Street
                        Brookline, MA 02446
                        (617) 566-2700

                        Aaron M. Levine, Esq.
                        AARON M. LEVINE & ASSOCIATES
                        1320 19TH Street, N.W., 5th Floor
                        Washington, DC 20036
                        (202) 833-8040

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBYN LISA STEWART ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | Civil Action No: 05-10409-WGY |
| ] | |
| ELI LILLY AND CO., et. al. ] | |
| ] | |
| Defendants ] | |
| ] | |

## ORDER

UPON CONSIDERATION of Plaintiff's Motion to Remand, and good cause having been shown, it is this _____ day of _____, 2005,

ORDERED, that Plaintiff's Motion, BE, and hereby is GRANTED, and it is,

FURTHER ORDERED, that this case be remanded to Superior Court Department of the Trial Court of Norfolk County, Massachusetts.

_____
Judge